**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JEFFREY WAGY,

                Plaintiff,

vs.                              CASE NO. _____

MONITRONICS INTERNATIONAL, INC.
and
ALLIANCE SECURITY INC.
and
UTC FIRE & SECURITY
AMERICAS CORPORATION, INC.,

                Defendant.
_____/

**COMPLAINT**
**JURY DEMAND**

**INTRODUCTION**

1.     Plaintiff alleges Defendants violated the Telephone Consumer Protection Act, 42 U.S.C. § 227 *et seq*. ("TCPA") by using an automatic telephone dialing system to deliver pre-recorded messages advertising their home security equipment, installation, and monitoring to Plaintiff's home and cellular telephone numbers without Plaintiff's prior express consent and despite that Plaintiff's telephone numbers are on the National Do Not Call Registry.

**JURISDICTION AND VENUE**

2.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 47 U.S.C. § 227(b)(3).  *See* Mims v. Arrow Financial Services, LLC, 132 S. Ct. 740 (2012).

Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3. Plaintiff, Jeffrey Wagy is a natural person and a citizen of the State of Florida, residing in Polk County in the Middle District of Florida.

4. Defendant, Monitronics International, Inc. ("Monitronics") is a foreign business corporation organized and existing under the laws of the State of Texas with its principal place of business and corporate offices in Farmers Branch, Texas. Monitronics is registered with the Florida Department of State Division of Corporations to conduct business in Florida as a foreign corporation. Its registered agent for service of process is C T Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324. Monitronics regularly conducts business in the State of Florida including the Middle District of Florida.

5. Defendant, Alliance Security Inc. ("Alliance") is a foreign business corporation organized and existing under the laws of the State of Delaware with its principal place of business and corporate offices in Cranston, Rhode Island. Alliance is registered with the Florida Department of State Division of Corporations to conduct business in Florida as a foreign corporation. Its registered agent for service of process is API Processing, 3419 Galt Ocean Dr., Suite A, Fort Lauderdale, Florida 33308. Alliance regularly conducts business in the State of Florida including the Middle District of Florida.

6. Defendant, UTC Fire & Security Americas Corporation, Inc. d/b/a GE Home Security ("GE") is a foreign business corporation organized and existing under the laws of the State of Delaware with its principal place of business and corporate offices in Lincolnton, North Carolina. GE is registered with the Florida Department of State Division of Corporations to conduct business in Florida as a foreign corporation. Its registered agent for service of process is C T Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324. GE regularly conducts business in the State of Florida including the Middle District of Florida.

7. At all times material hereto, Monitronics, Alliance and GE have acted jointly and in concert in illegally contacting Plaintiff in violation of the TCPA.

8. Any reference hereinafter to "Defendants" without further qualification is meant to refer to each and all Defendants herein jointly and severally.

**FACTUAL ALLEGATIONS**

9. Beginning on or about May 25, 2012, Defendants, or others acting at their request, began using an automatic telephone dialing system to initiate telephone calls to Plaintiff's residential and cellular telephone numbers using an artificial or prerecorded voice to deliver messages advertising home alarm systems, installation, and monitoring.

10. Since, May 25, 2012, Defendants, or others acting at their request, have initiated no less than forty (40) such telephone calls to Plaintiff's residential and cellular telephone numbers.

11. Plaintiff does not know how Defendants acquired his residential or cellular telephone numbers. Plaintiff did not provide his telephone numbers to Defendants.

12. At all times relevant hereto, Plaintiff's residential and cellular telephone numbers were registered on the National Do Not Call Registry.

13. Plaintiff's residential telephone number is 863-████-8045.

14. Plaintiff's cellular telephone number is 863-████-4628.

15. When Plaintiff answers calls from Defendants, a pre-recorded message plays soliciting Plaintiff to purchase a home security system.

16. The pre-recorded messages do not state the name of the company or call back number of the calling party.

17. The only way the called party can determine who is calling is to press a number on their keypad indicating they are interested in purchasing Defendants' products.

18. The following chart shows the date, time, and caller ID information for calls Defendants made to Plaintiff's residential telephone number using an artificial or pre-recorded voice to deliver a message to Plaintiff:

| Date | Time | Caller ID Information |
| --- | --- | --- |
| 05/25/2012 | 9:37 AM | 971-220-1656 |
| 05/29/2012 | 12:25 PM | 253-382-9909 |
| 06/14/2012 | 6:48 PM | 253-382-9903 |
| 06/22/2012 | 1:25 PM | 503-902-8127 |
| 06/26/2012 | 6:48 PM | 503-902-8127 |
| 08/09/2012 | 6:36 PM | 503-457-1403 |
| 08/29/2012 | 6:16 PM | 360-474-1403 |
| 09/14/2012 | 5:03 PM | 701-301-4001 |
| 09/17/2012 | 3:19 PM | 360-529-6158 |
| 09/18/2012 | 12:10 PM | 206-496-0929 |
| 10/11/2012 | 12:49 PM | 206-397-1421 |
| 10/24/2012 | 1:02 PM | 206-496-0929 |
| 10/31/2012 | 12:55 PM | 206-397-1421 |

| | | |
|---|---|---|
| 11/12/2012 | 6:46 PM | 262-995-9096 |
| 11/14/2012 | 11:36 AM | 262-995-9096 |
| 12/03/2012 | 4:03 PM | 262-995-9096 |
| 02/21/2013 | 11:16 AM | 954-278-8391 |
| 03/13/2013 | 11:43 AM | 410-844-5508 |
| 05/12/2013 | 1:40 PM | 256-529-4030 |
| 07/15/2013 | 12:11 PM | 580-999-5637 |
| 07/19/2013 | 12:59 PM | 417-800-2573 |
| 08/29/2013 | 5:59 PM | 310-495-4334 |
| 09/04/2013 | 1:18 PM | 458-201-0417 |
| 09/13/2013 | 1:34 PM | 425-484-1885 |
| 09/20/2013 | 9:33 AM | 202-803-4954 |
| 09/02/2014 | 9:35 AM | 657-202-9066 |
| 10/08/2014 | 3:45 PM | 657-202-9066 |
| 01/27/2015 | 5:31 PM | 541-512-6235 |

19. Upon information and belief, Defendants' records will show that Defendants initiated other telephone calls using an artificial or prerecorded voice to deliver a message to Plaintiff's residential telephone number between May 25, 2012 and the filing of this Complaint.

20. The following chart shows the date, time, and caller ID information for calls Defendants made to Plaintiff's cellular telephone number using an automatic telephone dialing system or a prerecorded voice:

| **Date** | **Time** | **Caller ID Information** |
|---|---|---|
| 07/02/2012 | 1:20 PM | 503-457-1003 |
| 09/12/2012 | 11:19 AM | 360-474-3934 |
| 09/14/2012 | 11:19 AM | 701-301-4001 |
| 12/04/2012 | | 813-793-6945 |
| 12/06/2012 | 4:27 PM | 754-227-1006 |
| 12/06/2012 | 6:21 PM | 214-452-1496 |
| 01/06/2013 | 6:21 PM | 800-318-9486 |
| 07/31/2013 | 3:22 PM | 719-263-8570 |
| 08/02/2013 | 1:09 PM | 308-210-9052 |
| 08/02/2013 | 4:38 PM | 308-210-9052 |

21. Upon information and belief, Defendants' records will show that Defendants used an automatic telephone dialing system or a pre-recorded or artificial voice to place other telephone calls to Plaintiff's aforementioned cellular telephone number between May 29, 2012 and the filing of this Complaint.

22. None of Defendants' telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

23. Defendants willfully or knowingly violated the TCPA.

24. Plaintiff has been injured as a result of Defendants' conduct that includes, but is not limited to, monetary damages and invasion of privacy.

25. Defendants participate in a joint venture, sharing its costs and profits.

## COUNT I
## AUTOMATED OR PRE-RECORDED CALLS TO PLAINTIFF'S CELLULAR TELEPHONE IN VIOLATION OF THE TCPA

26. Plaintiff incorporates Paragraphs 1 through 25 above as if fully set forth herein.

27. Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages;

b. A declaration that Defendant's practices violate the TCPA;

    c. A permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre-recorded or artificial voice of the called party; and engaging in the complained of practices; and

    d. Such other or further relief as the Court deems proper.

## COUNT II
### PRE-RECORDED CALLS TO PLAINTIFF'S RESIDENTIAL TELEPHONE IN VIOLATION OF THE TCPA

28. Plaintiff incorporates Paragraphs 1 through 25 above as if fully set forth herein.

29. Defendant placed non-emergency telephone calls to Plaintiff's residential telephone using an artificial or prerecorded voice to deliver a message in violation of 47 U.S.C. § 227 (b)(1)(B).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. A declaration that Defendant's practices violate the TCPA;

    c. A permanent injunction prohibiting Defendant from placing non-emergency calls to the residential telephone of Plaintiff using an artificial or prerecorded voice to deliver a message; and engaging in the complained of practices; and

    d. Such other or further relief as the Court deems proper.

## COUNT III
## SOLICITATION CALLS TO NUMBERS ON THE DO NOT CALL LIST IN VIOLATION OF THE TCPA

30. Plaintiff incorporates Paragraphs 1 through 25 above as if fully set forth herein.

31. Defendant placed solicitation telephone calls to telephone numbers Plaintiff has registered with the national do-not-call registry placed non-emergency telephone calls to Plaintiff's residential telephone using an artificial or prerecorded voice to deliver a message in violation of 47 CFR 64.1200(c)(2), (e).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. A declaration that Defendant's practices violate the TCPA;

    c. A permanent injunction prohibiting Defendant from initiating telephone solicitations to Plaintiff's residential and cellular telephone numbers; and engaging in the complained of practices; and

    d. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

                                       */s/ James S. Giardina*
                                       [ X ] James S. Giardina – Trial Counsel
                                       Fla. Bar No. 0942421
                                       [   ] Kimberly H. Wochholz
                                       Fla. Bar No. 0092159
                                       [   ] James S. Carr

Fla. Bar No. 15063
**The Consumer Rights Law Group, PLLC**
3104 W. Waters Avenue, Suite 200
Tampa, Florida 33614-2877
Tel: (813) 435-5055 ext 101
Fax: (866) 535-7199
James@ConsumerRightsLawGroup.com
Kim@ConsumerRightsLawGroup.com
*Counsel for Plaintiff*